411 F.2d 1218
 162 U.S.P.Q. 13
 TIGRETT INDUSTRIES, INC., for the use and benefit of the
First National Bank and the National Bank of Commerce, both
of Jackson, Tennessee, as joint trustees; and First National
Bank of Jackson, Tennessee and National Bank of Commerce of
Jackson, Tennessee, joint trustees, Plaintiffs-Appellees
v.
STANDARD INDUSTRIES, INC., Defendant-Appellant (two cases).
John Burton TIGRETT, Plaintiff-Appellee
v.
STANDARD INDUSTRIES, INC., Defendant-Appellant (two cases).
 Nos. 18700-18703.
 United States Court of Appeals Sixth Circuit.
 May 27, 1969.
 
 J. Walton Bader, New York City, Bader & Bader, New York City, on brief, for appellants.
 Ralph W. Kalish, St. Louis, Mo., Waldrop, Hall & Tomlin, Jackson, Tenn., on brief, for appellees.
 Before EDWARDS and CELEBREZZE, Circuit Judges, and GORDON,[1] District Judge.
 PER CURIAM.
 
 
 1
 Appellant, Standard Industries, Inc., appeals from judgments entered in the United States District Court for the Western District of Tennessee in favor of Plaintiffs, Tigrett Industries, Inc., and John Burton Tigrett for license fees under patents.
 
 
 2
 In this case John Burton Tigrett contracted with a company which he controlled, Tigrett Industries, Inc., to allow it to use his patents. The contract provided for 'automatic cancellation' in the event of bankruptcy of Tigrett Industries, or in the event of assignment for the benefit of creditors by that company. Later Tigrett Industries, with Tigrett personally participating, sold its assets, including the patent rights here involved, to Standard Industries, and Standard Industries by that contract undertook to assume all of Tigrett Industries' former responsibilities.
 
 
 3
 Still later Tigrett Industries made an assignment for benefit of creditors, and Standard, refusing to pay the patent license fees, claimed advantage of the automatic cancellation clause in the original contract betwen Tigrett and Tigrett Industries.
 
 
 4
 The two issues decided by the District Judge and presented by this appeal were stated as follows in the District Judge's Memorandum Decision:
 
 
 5
 '1. Whether the licenses (assignments) to defendant of the patents named in paragraphs 16(c) and (e), #2,790,978 and #3,162,865, respectively, have been cancelled by a cancellation of the underlying agreements.
 
 
 6
 '2. Whether the defendant's play pen known as 'Golden Convertible' utilizes the patent named in paragraph 16(e), #3,162,865 (Ex. 10).'
 
 
 7
 As to the first issue the District Judge held that Standard Industries stepped into Tigrett Industries' shoes, and that the cancellation clause ran only to the benefit of John Burton Tigrett, individually. We agree.
 
 
 8
 Nor do we find any clear error in the District Judge's factual holding that a certain 'Golden Convertible' baby bed which Standard Industries was manufacturing was being manufactured under the patent license under the doctrine of equivalents. The fact that the play pen floor was adjusted up or down by strings running through the floor through one hole rather than two holes did not appear to him to represent a substantial difference. Neither does it to us. Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950).
 
 
 9
 We have reviewed the District Judge's Memorandum Decision and we approve the findings of fact and conclusions of law contained therein.
 
 
 10
 Affirmed.
 
 
 
 [1]
 Honorable James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation